932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Appeal of Merle C. CLARK, P. Joseph Clarke Jr., Movants, for
an Adjudication of Their Rights in the Matter of
James HENDERSON, Para Lee Henderson, James Henderson, as
Next Friend of Christi Henderson, an Unmarried
Infant Under the Age of 18 Years,
Plaintiffs-Appellees,
v.
TEXAS EASTERN GAS PIPELINE CO, Texas Eastern Transmission
Corporation, Defendants-Appellants.
 No. 90-5235.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and WELLFORD, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Merle Clark and P. Joseph Clarke appeal from the district court's order awarding them $6,500 for the legal work they performed for the appellants in this case.
 
 
 2
 Having carefully considered the record and the arguments presented in the briefs and in argument before the court, this court concludes that the district court's order is not clearly erroneous. Therefore, it is AFFIRMED for the reasons set forth in the decision of the district court dated December 27, 1989.
 
 WELLFORD, Senior Circuit Judge, concurring:
 
 3
 The district court, after a de novo review of the entire record, rendered a 17-page memorandum opinion in rejecting the proposed findings and conclusions of the magistrate in this fee dispute case. The magistrate had accepted the expert testimony of an attorney presented by Merle C. Clark and Joseph Clarke instead of the testimony of another expert presented by the Hendersons. The substantially larger fee recommended by the magistrate was based on his determination that "[B]ut for the presence of the attorneys [Clark & Clarke] during the litigation and the efforts expended by them ... the $1,000,000 settlement would not have happened."
 
 
 4
 The district court, on the other hand, analyzed the record and found that three different structured settlement options of $1,000,000 were offered before the attorneys were ever employed to file suit. Judge Reed found that the attorneys drafted and filed a complaint, reviewed a scheduling order, took no discovery, and prepared no answers to interrogatories; in short, "[o]ther than the minimal monitoring of the file, no further actions were taken by the attorneys after the filing of the complaint."
 
 
 5
 I find no error in the district court's consequent conclusion that a reasonable fee for the services of attorneys Clark & Clarke was $6,500. The finding that "the Hendersons and Texas Eastern negotiated a $1,000,000 settlement" (not the attorney-claimants) is based on other factual findings that are not clearly erroneous.
 
 
 6
 For these reasons, I join the per curiam opinion.